**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2051-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RALPH P. JAMISON,

     Defendant-Appellant.

_____

Submitted September 29, 2022 – Decided October 12, 2022

Before Judges Vernoia and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Indictment No. 15-05-0584.

Joseph E. Krakora, Public Defender, attorney for appellant (Joseph Anthony Manzo, Designated Counsel, on the brief).

Jennifer Webb-McRae, Cumberland County Prosecutor, attorney for respondent (Kaila L. Diodati, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Ralph P. Jamison appeals from an order denying his post-conviction relief (PCR) petition without an evidentiary hearing.  He claims the court erred by finding he did not establish a prima facie claim his plea counsel was ineffective by failing to argue his relative youth was a mitigating factor that should have been considered a sentencing.  He also argues the court erred by failing to conduct an evidentiary hearing on his PCR petition.  Finding defendant's arguments lack merit, we affirm.

I.

A grand jury charged defendant with murder, N.J.S.A. 2C:11-3(a)(1); third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2); fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); and second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b).  Defendant pleaded guilty to an amended charge of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1), in accordance with a plea agreement pursuant to which the State agreed to recommend a nineteen-year sentence subject to the requirements of the No Early Release Act, N.J.S.A. 2C:43-7.2.  During his plea proceeding, defendant admitted firing shots from a handgun toward a home as he and others drove past the home in a car.  Defendant testified the shots did not strike their

2

intended target and instead struck an unintended individual thereby causing her death.

The court imposed a nineteen-year sentence in accordance with the plea agreement. The court found the following aggravating factors: three, the risk defendant will commit another offense, N.J.S.A. 2C:44-1(a)(3); five, a substantial likelihood defendant was involved in organized criminal activity, N.J.S.A. 2C:44-1(a)(5); six, the nature and extent of defendant's prior criminal history, N.J.S.A. 2C:44-1(a)(6); and nine, the need to deter defendant and others from violating the law, N.J.S.A. 2C:44-1(a)(9). The court found mitigating factor twelve, the willingness of defendant to cooperate with law enforcement authorities, N.J.S.A. 2C:44-1(b)(12). The court further determined the aggravating factors preponderated over the mitigating factor.

This court heard defendant's direct appeal from his sentence on an Excessive Sentence Oral Argument (ESOA) calendar. See R. 2:9-11 (providing a sentencing calendar for criminal appeals in which sentencing is the only issue). We determined the record did not support the sentencing court's finding of aggravating factor five, and we remanded for resentencing without consideration of aggravating factor five. State v. Ralph P. Jamison, No. A-1256-16 (App. Div. Feb. 7, 2017) (slip op. at 1).

At defendant's resentencing, the court again found aggravating factors three, six, and nine, and mitigating factor twelve. The court also determined the aggravating factors preponderated over the mitigating factor, and the court imposed a nineteen-year sentence in accordance with the plea agreement. Defendant did not appeal from the final judgment of conviction entered following his resentencing.

Defendant filed a PCR petition alleging plea counsel was ineffective by failing to: properly confer with him prior to entry of his plea; obtain favorable affidavits from family and friends supporting mitigating sentencing factors under N.J.S.A. 2C:44-1(b); argue in support of mitigating factors at sentencing; argue the court should consider defendant's substance abuse history in mitigation of his sentence; and provide defendant with pretrial discovery. In a brief submitted by his counsel, defendant also argued plea counsel was ineffective by failing to argue at sentencing and resentencing that the court should consider defendant's relative youth as a non-statutory mitigating factor. Defendant further asserted plea counsel was ineffective by failing to argue for a term less than nineteen years at resentencing because the court originally imposed sentence a nineteen-year sentence based in part on a finding of

A-2051-20

aggravating factor five, which the ESOA panel determined the court could not consider on resentencing.

After hearing argument, the court denied defendant's petition, finding defendant failed to establish a prima facie claim of ineffective assistance of his plea counsel at sentencing and resentencing. The court entered an order denying the PCR petition without an evidentiary hearing.

Defendant appeals from the order and presents the following arguments for our consideration:

> POINT I
>
> THE LOWER COURT ERRED IN FINDING THAT TRIAL COUNSEL PROVIDED EFFECTIVE REPRESENTATION DURING THE SENTENCING AND RE-SENTENCING PORTIONS OF THE CASE.
>
> POINT II
>
> BECAUSE THE PETITIONER MADE A PRIMA FACIE SHOWING OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, THE COURT MISAPPLIED ITS DISCRETION IN DENYING POST-CONVICTION RELIEF WITHOUT CONDUCTING A FULL EVIDENTIARY HEARING.

II.

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004). The de novo standard of review also applies to mixed

5

questions of fact and law.  Id. at 420.  Where, as here, an evidentiary hearing has not been held, it is within our authority "to conduct a de novo review of both the factual findings and legal conclusions of the PCR court."  Id. at 421 (emphasis in original).  We apply these standards here.

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee that a defendant in a criminal proceeding has the right to the assistance of counsel in his or her defense.  The right to counsel includes "the right to the effective assistance of counsel."  State v. Nash, 212 N.J. 518, 541 (2013) (quoting Strickland v. Washington, 466 U.S. 668, 686 (1984)).

In Strickland, the Court established a two-part test, later adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), as the standard applicable under the New Jersey Constitution, to determine whether a defendant has been deprived of the effective assistance of counsel.  Strickland, 466 U.S. at 687.  Under the first prong of the Strickland standard, a petitioner must show counsel's performance was deficient.  Ibid.  A petitioner must demonstrate counsel's handling of the matter "fell below an objective standard of reasonableness" and "counsel made errors so serious that counsel was not

functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687-88.

Under the second prong of the Strickland standard, a defendant must "affirmatively prove" "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." State v. Gideon, 244 N.J. 538, 551 (2021) (quoting Strickland, 466 U.S. at 694). A petitioner must demonstrate "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. "The error committed must be so serious as to undermine the court's confidence in the jury's verdict or result reached." State v. Chew, 179 N.J. 186, 204 (2004) (citing Strickland, 466 U.S. at 694).

"With respect to both prongs of the Strickland test, a defendant asserting ineffective assistance of counsel on PCR bears the burden of proving his or her right to relief by a preponderance of the evidence." State v. Gaitan, 209 N.J. 339, 350 (2012) (citing State v. Echols, 199 N.J. 344, 357 (2009); State v. Goodwin, 173 N.J. 583, 593 (2002)). A failure to satisfy either prong of the Strickland standard requires the denial of a PCR petition. Strickland, 466 U.S. at 700; Nash, 212 N.J. at 542; Fritz, 105 N.J. at 52.

Defendant was three days shy of his twenty-second birthday when he committed the aggravated manslaughter to which he pleaded guilty in 2014. When first sentenced in 2016 and later resentenced in 2017, the sentencing court was not required to consider defendant's relative youth as a statutory mitigating factor under N.J.S.A. 2C:44-(1)(b).[1]

In any event, even in the absence of a statutory mitigating factor based on relative youth, long prior to defendant's sentencing and resentencing, our Supreme Court "recognized that a 'defendant's relative youth ordinarily would inure to his [or her] benefit'" in the determination of an appropriate sentence. State v. Rivera, 249 N.J. 285, 301 (2021) (quoting State v. Dunbar, 108 N.J. 80, 95 (1987)); see also State v. Pindale, 249 N.J. Super. 266, 289 (App. Div. 1991) (explaining youth was "not one of the delineated statutory mitigating circumstances," but noting the sentencing court's failure to give "consideration to [the] defendant's youth"); State v. Tanksley, 245 N.J. Super. 390, 397 (App. Div. 1991) (remanding for resentencing a seventeen-year-old defendant on an

---

[1]  In 2020, the legislature amended N.J.S.A. 2C:44-1(b) to add statutory mitigating factor fourteen – "[t]he defendant was under [twenty-six] years of age at the time of the commission of the offense." L. 2020, c. 110, § 1 (eff. Oct. 19, 2020).  In State v. Bellamy, we held mitigating factor fourteen applies only to sentences or resentences occurring after N.J.S.A. 2C:44-1(b)'s effective date. 468 N.J. Super. 29, 43-45 (App. Div. 2021).

A-2051-20

aggravated manslaughter conviction and noting the defendant's relative youth should inure to his benefit at resentencing). Thus, when the court sentenced and resentenced defendant there was support in the extant law that his relative youth should "inure to his benefit" in the sentencing calculus. Rivera, 249 N.J. at 301.

At defendant's initial sentencing and resentencing, his counsel did not argue his relative youth should either inure to his benefit or should be considered by court in mitigation of the sentence. In State v. Hess, the Court held the failure of counsel to "present mitigating evidence or argue for mitigating factors" at sentencing constitutes deficient performance under Strickland's first prong where "the sentencing court was deprived of information and arguments that might well have led it to impose a lesser term." 207 N.J. 123, 154 (2011). Defendant argues the PCR court should have concluded that is precisely what he established here.

In assessing an ineffective assistance of counsel claim, "[a]lthough a demonstration of prejudice constitutes the second part of the Strickland analysis, courts are permitted leeway to choose to examine first whether a defendant has been prejudiced, and if not, to dismiss the claim without determining whether counsel's performance was constitutionally deficient." Gaitan, 209 N.J. at 350 (citation omitted). We employ that mode of analysis here.

A-2051-20

That is, even if we assume counsel's performance was deficient at sentencing and resentencing by failing to make an affirmative argument defendant's relative youth should inure to his benefit in mitigation of his sentence, defendant makes no showing that but for counsel's alleged errors there is a reasonable probability the result of either sentencing proceeding would have been different under Strickland's second prong. See Strickland, 466 U.S. at 694.

In the first instance, counsel's alleged error did not deprive either sentencing court of any information concerning defendant's relative youth. See Hess, 207 N.J. at 154. At the initial sentencing, the court expressly noted defendant's age.[2] At defendant's resentencing, the presentence report included defendant's date of birth and the date the crime was committed, and the court again made express reference to defendant's age during its imposition of sentence. Defendant was twenty-four years of age at each sentencing proceeding, and the sentencing courts were fully aware of the date of the offense, and thus defendant's age, at the time of the commission of the crime. In other words, counsel's failure to expressly mention defendant's relative youth at the sentencing proceedings did not deprive the court of any information pertinent to

---

[2] The record on appeal does not include the presentence report submitted in connection with defendant's original sentencing.

its sentencing decision that might have led the court to impose a lesser term. See ibid.

Moreover, the court's findings of aggravating and mitigating factors at defendant's resentencing do not permit a reasoned conclusion that had counsel made an express argument concerning defendant's relative youth, there is a reasonable probability a lesser term would have been imposed. Again, the court was fully aware of defendant's relative youth but nonetheless imposed the nineteen-year sentence in accordance with the plea agreement.

The sentence is also well-supported by the court's finding of aggravating factors three, six, and nine; the court's determination mitigating factor twelve should be given only slight weight; and the court's conclusion the aggravating factors preponderate over the sole mitigating factor. Defendant did not appeal from the court's resentence, and does not argue the court's findings do not support imposition of what is a below-midrange sentence of nineteen years for an aggravated manslaughter conviction that otherwise carries a sentencing range of between ten and thirty years. See N.J.S.A. 2C:11-4(c) (setting a ten-to-thirty-year sentencing range for aggravated manslaughter under N.J.S.A. 2C:11-4(a)(1)).

Defendant simply makes no showing satisfying his burden under Strickland's second prong that had his counsel affirmatively argued defendant's youth should inure to his benefit at sentencing, the court's weighing of the statutory factors would have been so affected as to establish a reasonable probability he would have received a reduced sentence. Indeed, neither defendant's PCR petition nor the arguments he presented to the PCR court satisfy the prejudice prong of the Strickland standard. Defendant's failure to satisfy his burden under Strickland's second prong alone requires the denial of his PCR petition. See Strickland, 466 U.S. at 700; Nash, 212 N.J. at 542.

Defendant also argues the PCR court erred by rejecting his claim the resentencing court could not properly impose the same nineteen-year sentence initially imposed because the court based the initial sentence in part on a finding of aggravating factor five, and the ESOA panel required the court to reconsider the sentence without reference to aggravating factor five. The argument is founded on the premise that because the resentencing court could not consider an aggravating factor relied on by the initial sentencing court, the resentencing court was obligated to impose a lesser sentence.

We reject the argument because it ignores that the initial sentencing court found aggravating factor five, but gave it only "slight consideration," noting in

12

the original judgment of conviction aggravating factor was given "[s]light weight." Thus, aggravating factor five did not play a significant role in the weighing of the aggravating factors that supported the court's imposition of initial sentence.

Additionally, the resentencing court's thoughtful and thorough findings and weighing of the aggravating and mitigating factors — findings defendant opted not to challenge on direct appeal — fully support the sentence imposed even when the "slight weight" previously given to aggravating factor five is excluded from the sentencing analysis. Moreover, although every "sentence imposed must be a lawful one, [a] court's decision to impose a sentence in accordance with a plea agreement," as the resentencing court did here, "should be given great respect, since a 'presumption of reasonableness . . . attaches to criminal sentences imposed on plea bargain defendants.'" State v. S.C., 289 N.J. Super. 61, 71 (App. Div. 1996) (omission in original) (quoting State v. Sainz, 107 N.J. 283, 294 (1987)).

In sum, defendant's claim the resentencing court was required to impose a lesser sentence simply because it could not consider aggravating factor five as it had when it originally imposed sentence is unsupported by any citation to legal

13

authority and otherwise lacks support in the sentencing record.[3] The PCR court properly rejected the claim as a basis for the relief sought in defendant's petition.

We also reject defendant's argument the court erred by denying the PCR petition without an evidentiary hearing. "To obtain an evidentiary hearing on a PCR petition, a defendant must establish a prima facie case for relief, material issues of disputed fact, and show that an evidentiary hearing is necessary to resolve the claims." State v. O'Donnell, 435 N.J. Super. 351, 370 (App. Div. 2014) (citing R. 3:22-10(b)); see also State v. Porter, 216 N.J. 343, 354 (2013). "A prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'" Porter, 216 N.J. at 355 (quoting R. 3:22-10(b)). As noted, defendant failed to establish a prima facie ineffective assistance of counsel claim under the Strickland standard and, for that reason alone, the PCR court correctly determined he was not entitled to an evidentiary hearing. Ibid.

---

[3] To the extent defendant's claim is that he is entitled to PCR because the resentencing court erred in the imposition of sentence following our remand order, the claim is also barred under Rule 3:22-4 because it could have been raised on direct appeal from the judgment of conviction entered following his resentencing. Hess, 207 N.J. at 145.

To the extent we have not expressly addressed any arguments made in support of defendant's appeal, we have determined they are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

15                                                                          A-2051-20